UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAGGIE MENG,<br><br>    Plaintiff,<br><br>  v.<br><br>PU DU,<br><br>    Defendant. | Civil Action No. 19-18118 (FLW) (ZNQ)<br><br>**PRETRIAL SCHEDULING ORDER** |

  **THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on February 25, 2020; and the Court having conferred with counsel concerning the timely completion of discovery; and good cause appearing for the entry of this Order:

  **IT IS on this 25th day of February, 2020**

  **ORDERED THAT:**

### I. DISCLOSURES

1. The initial disclosures required by Fed. R. Civ. P. 26 have been served.

2. The e-discovery conference required by Fed. R. Civ. P 26(f) and L. Civ. R. 26.1(d) is complete.

### II. DISCOVERY CONFIDENTIALITY ORDERS

3. Any proposed confidentiality order agreed to by the parties must comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

### III. DISCOVERY

4. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

5. The parties' initial written discovery must be served by **April 1, 2020.**

6. In accordance with Fed. R. Civ. P. 33, the parties may serve **twenty-five (25) single interrogatories (including all sub-parts).**

7. In accordance with Fed. R. Civ. P. 30, the parties are limited to **ten (10) depositions** per party.

8. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

9. Any motion to amend the pleadings or to join new parties, whether by amended or third-party complaint, must be filed by **June 1, 2020**.

10. All written discovery disputes shall be submitted no later than **June 30, 2020**.

11. All fact discovery is to be completed by **August 1, 2020.** No discovery is to be issued or conducted after this date.

12. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

13. Dispositive motions, if any, shall be filed no later than **a date TBD**.

14. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L. Civ. R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly by a joint letter to the undersigned.

15. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### IV. EXPERTS

16. Plaintiff's expert disclosures and reports (liability and damages) must be served by **TBD**. All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

17. Defendant's expert disclosures and reports must be served by **TBD**. All such reports shall

be in the form and content as described above.

18. Expert depositions shall be completed by **TBD**.

19. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## V.   FUTURE CONFERENCES

20. The Court will conduct a telephone status conference on **June 1, 2020 at 10:30 a.m.**; Counsel for the Plaintiff is directed to initiate the call to (609) 989-2105.

21. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

22. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

23. Counsel should be prepared to discuss settlement at every conference with the Court. Lead trial counsel and client(s) with full settlement authority are required to appear in-person at any settlement conference conducted by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

24. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

_____
ZAHID N. QURAISHI
United States Magistrate Judge