<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MAGGIE MENG**, <br><br> Plaintiff, <br><br> v. <br><br> **PU DU**, *et al.*, <br><br> Defendants. | Civil Action No. 19-18118 (ZNQ) (LHG) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendant Pu Du ("Defendant Du") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("the Motion", ECF No. 56). Defendant Du filed a memorandum of law in support of the Motion ("Moving Br.", ECF No. 56-3) and a statement of undisputed material facts ("Def's SUMF", ECF No. 56-2). Plaintiff opposed the Motion ("Opp'n Br.", ECF No. 57) and Defendant Du replied ("Reply Br.", ECF No. 58.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT IN PART AND DENY IN PART Defendant Du's Motion for Summary Judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. UNDISPUTED FACTS

On December 24, 2000, Plaintiff purchased real property at 27 Bear Brook Road, Princeton, New Jersey ("Subject Property"). (Compl. ¶ 8, ECF No. 1.) Plaintiff and Defendant Mingdi Chen ("Defendant Chen") executed a premarital agreement on December 20, 2005. (Def's SUMF ¶ 1.) On December 9, 2006, Plaintiff conveyed the Subject Property from herself to both her and Defendant Chen. (*Id.* ¶ 2.)

On March 18, 2011, Plaintiff and Defendant Chen finalized their uncontested divorce in the State of New York. (*Id.* ¶ 3.) Plaintiff's and Defendant Chen's Judgment of Divorce makes no mention, direction, instruction, or order concerning the equitable distribution of the Subject Property. (*Id.* ¶ 4.)

Plaintiff and Defendant Du executed a contract for the purchase and sale of the Subject Property on December 24, 2012 (the "2012 Contract") for $212,000. (*Id.* ¶¶ 5, 6.) At the time the 2012 Contract was executed, the principal balance of the mortgage on the Subject Property was $211,643.55. (*Id.* ¶ 7.) The parties, however, did not close on the 2012 Contract. (*Id.* ¶ 8.)

On March 22, 2014, the parties entered into a subsequent Contract for the purchase and sale of the Subject Property (the "2014 Contract", ECF No. 56-6) for $210,000.00. (*Id.* ¶¶ 9, 10.) When the 2014 Contract was executed, the mortgage on the Subject Property was $205,318.82. (*Id.* at ¶ 11.)

The relevant terms of the 2014 Contract are as follows:

> 3. PURCHASE PRICE. The purchase price is $210,000.00
>
> 8. TRANSFER OF OWNERSHIP. At the closing, the Seller will transfer ownership of property to the Buyer. The Seller will give the Buyer a properly executed deed and an adequate affidavit of title.
>
> 9. TYPE OF DEED. A deed is written document used to transfer

> ownership of property. In this sale, the Seller agrees to provide and the Buyer agrees to accept a deed known as bargain and the sale with covenants against grantors' acts.
>
> 10. PERSONAL PROPERTY AND FIXTURES. Many items of property become so attached to a building, or other real property that they become a part of it. These items are called fixtures. They include such items as fireplaces, patios and built-in shelving. All fixtures are INCLUDED in this sale unless they are listed below as being EXCLUDED.
>     (a) The following items are INCLUDED in this sale:
>         All furniture & Appliances
>     (b) The following items are EXCLUDED from this sale:
>         None.
> 16. OWNERSHIP. The Seller agrees to transfer and the Buyer agrees to accept ownership of the property free of all claims and [rights] of others, except for:
>     (a) the rights of utility companies to maintain pipes, poles, cables and wires over, on and under the street, the part of the property next to the street or sunning to any house or other improvement on the property;
>     (b) recorded agreements which limit the use of the property, unless the agreements: (1) are presently violated; (2) provide that the property would be forfeited if they were violated, or (3) unreasonably limit the normal use of the property; and
>     (c) all items included in Schedule A as part of the description of the property.
>
> 28. COMPLETE AGREEMENT. This contract is the entire and only agreement between the Buyer and the Seller. This contract replaces and cancels any previous agreements between the Buyer and the Seller. This contract can only be changed by an agreement in writing signed by both Buyer and Seller. The Seller states that the Seller has not made any other contract to sell the property to anyone else.

(*Id.* ¶ 12.)  The parties thereafter agreed to reduce the 2014 Contract price to $200,000.00.  (*Id.* ¶ 13.)  Defendant Du paid Plaintiff $10,000 as a partial payment towards the purchase of the Subject Property.  (*Id.* ¶ 14.)

Plaintiff, however, was unable to deliver a satisfactory deed conveying ownership of the property free of all claims and rights to others to Defendant Du.  (*Id.* ¶ 15.)  The deed Plaintiff

offered to Defendant Du failed to include any reference to Defendant Chen's interest in the property. (*Id.* ¶ 16.) Plaintiff was unable to locate Defendant Chen to execute a satisfactory deed to close the 2014 Contract and convey the Subject Property to Defendant Du. (*Id.* ¶ 17.)

Defendant Du has made every payment under the mortgage on the Subject Property since November 2010. (*Id.* ¶ 19.) Meanwhile, Plaintiff has not made any mortgage, utility, or tax payments for the Subject Property since October 2009. (*Id.* ¶ 20.) As of March 21, 2021, the mortgage's principal balance was $157,455.11. (*Id.* ¶ 21.)

On May 11, 2021, the parties, through their respective attorneys, executed a Stipulation of Settlement with Defendant Chen wherein Defendant Chen renounced any claim or interest in the Property and acknowledged his execution of a Quit Claim Deed. (*Id.* ¶ 22.)

The Parties agree that the 2014 Contract is valid and enforceable. (*Id.* ¶ 23.) Plaintiff claims that Defendant failed to make any attempt to register the Deed with the county clerk's office. (Opp'n Br. at 5.) Accordingly, Plaintiff claims that Defendant is in breach of contract. (*Id.*)

    **B.    PROCEDURAL HISTORY**

Plaintiff initiated the instant action by filing a seven-count Complaint against Defendant Du demanding judgment to quiet title to the Subject Property in her favor, seeking injunctive relief for Defendant Du to vacate the Property, and asserting claims for unlawful detainer, breach of contract, unjust enrichment, and fraud. (*See generally*, Compl.) Defendant Du filed an Answer, Affirmative Defenses, and Counterclaims. (*See* ECF No. 7.) Defendant Du asserts five counterclaims: breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraud, and abuse of process. (*See id.*) In a previous decision, the Court partially granted Plaintiff's motion to dismiss and dismissed Defendant's promissory estoppel, fraud, and abuse of process claims without prejudice. (*See* ECF No. 29.)

Thereafter, the parties entered a stipulation and consent order permitting Plaintiff to file an Amended Complaint. (ECF No. 37.) Plaintiff filed an Amended Complaint, naming both Defendants Du and Chen on November 24, 2020. On November 30, 2020, Defendant Du filed an Answer, along with crossclaims against Defendant Chen and counterclaims against Plaintiff.

Defendant Du filed the instant Motion for Summary Judgment on October 22, 2021. (ECF No. 56.)

### C. JURISDICTION

The Court has subject matter jurisdiction over the claims in this suit under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## II. LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 250).

5

"Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact.'" *Id*. (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

### III.  DISCUSSION

#### A.  OEHM DECLARATION

As a preliminary matter, Plaintiff argues that a declaration prepared by counsel for Defendant Du Christian Oehm, ("Oehm Decl.", ECF No. 56-9) and filed with the Motion should be disregarded because it states that it is made for defendants other than the defendant named in the present action. (Opp'n Br. at 6.) Upon a thorough review of the Oehm Declaration, the Court finds that the declaration was made on behalf of Defendant Du and the statement in paragraph one was merely a typographical error. (Oehm Decl. ¶ 1.) Accordingly, the Court will not disregard the Oehm Declaration and the documents attached thereto.

#### B.  PLAINTIFF'S CLAIMS FOR QUIET TITLE IN COUNTS ONE AND TWO, UNLAWFUL DETAINER IN COUNT FOUR, AND UNJUST ENRICHMENT IN COUNT SEVEN

Plaintiff concedes that her claims for quiet title in Counts One and Two, her claim for unlawful detainer in Count Four, and her claim for unjust enrichment in Count Seven should be

dismissed. (*See* Opp'n Br. at 7–10.) Accordingly, Defendant's Motion for Summary Judgment will be granted as to Counts One, Two, Four and Seven of the Amended Complaint.[1]

### C.   WHETHER THE 2014 CONTRACT IS ENFORCEABLE

To prove the existence of a valid contract, a party must show that: (1) there was a meeting of the minds; (2) there was an offer and acceptance; (3) there was consideration; and, (4) there was certainty in the terms of the agreement. *Big M, Inc. v. Dryden Advisory Group*, Civ. No. 08-3567, 2009 WL 1905106, at * 13 (D.N.J. June 30, 2009).

Here, there is no dispute as to the validity of the 2014 Contract. Plaintiff concedes the 2014 Contract is valid and enforceable. (*See* Opp'n Br. at 9 ("both parties agree that the 2014 contract is both valid and enforceable").) Accordingly, the Court finds there is no genuine issue of material fact as to the validity of the 2014 Contract.

### D.   PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT (COUNTS FIVE AND SIX)

At issue, therefore, is whether the 2014 Contract was breached. Defendant Du argues that he is entitled to summary judgment as to Plaintiff's fifth count for breach of contract because there is no credible evidence in the record that Defendant Du breached the 2014 Contract. (Moving Br. at 23.) Defendant additionally argues that there is no credible evidence in the record that Plaintiff performed under the 2014 Contract. (*Id*.) Specifically, Defendant Du contends that the 2014 Contract requires Plaintiff to provide Defendant Du with a properly executed and sufficient deed and adequate affidavit of title. (*Id*.) Defendant Du argues that it is "incontrovertible that the deed supplied omitted Defendant Chen and was insufficient pursuant to the contract." (*Id*. at 24.)

---

[1] The Court will deny Plaintiff's informal request to Amend her Complaint that is made in her opposition brief. (*See* Opp'n Br. at 8, 9.) Under the last relevant scheduling order, the deadline for Plaintiff to seek leave to amend her Complaint elapsed on October 30, 2020. (ECF No. 27.) Plaintiff already availed herself of this opportunity when she sought and was granted leave to file the operative, Amended Complaint on November 20, 2020. (ECF No. 37.) Should Plaintiff wish to again amend her complaint, she is instructed to seek leave to do so from the Magistrate Judge, making the appropriate showing under Rules 15 and 16.

Likewise, as to Count Six, Defendant Du argues that there is no evidence that Plaintiff suffered any cognizable harm or damage as a result of any late payments. (Moving Br. at 24.) Further, Defendant Du maintains that there is no evidence in the record where any late or missed payments were not cured by Defendant. (*Id*.)

In opposition, Plaintiff insists that Defendant is in violation of the 2014 Contract. (Opp'n Br. at 9.) Plaintiff claims that Defendant Du failed to make any attempt to register the Subject Property's deed at the county clerk's office and therefore, he is in breach of contract. (*Id*. at 5.) Plaintiff asserts that the proper remedy for breach of contract is expectation damages, rather than compelling Plaintiff to transfer the property to Defendant Du after Defendant Du breached the contract. (*Id*.) Plaintiff contends that Defendant Du made late payments on the mortgage and the late payments threatened to cause damages. (*Id*.)

In reply, Defendant Du reiterates that Plaintiff failed to perform her obligations pursuant to the 2014 Contract. (Reply Br. at 14.) Defendant Du contends that it is "incontrovertible" that Plaintiff failed to deliver a deed sufficient under the 2014 Contract for Defendant to register. (*Id*. at 17.) Defendant Du argues that Plaintiff's alleged damages are speculative because they are based upon an alleged threat and are insufficient to prevent summary judgment in Defendant Du's favor. (*Id*.) Defendant Du further contends that there is nothing in the record to suggest that the mortgage is delinquent or in default. (*Id*. at 17.) Defendant Du additionally argues that there is no pleading that the mortgage is behind or that Defendant Du has not cured any deficiency. (*Id*. at 19.)

To establish a prima facie case of breach of contract, a plaintiff must show "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4)

that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Here, as noted above, there is no dispute whether a contract existed between the parties. Rather, parties dispute the breach element.[2]

The parties executed the 2014 Contract on March 22, 2014. (*See* Du Declaration ¶ 30, ECF No. 56-4; *see also* 2014 Contract.) The 2014 Contract price for the purchase and sale of the Subject Property was $210,000. (*See* 2014 Contract.) Defendant Du paid Plaintiff $10,000 as partial payment towards the purchase of the Subject Property. (Def's SUMF ¶ 14.) Plaintiff thereafter was unable to deliver a satisfactory deed conveying ownership of the property free of all claims and rights of others to Defendant. (*Id*. ¶ 15.) Specifically, the deed did not include any reference to Defendant Chen or his interest in the Subject Property. (*Id*. ¶ 16.) Nonetheless, Defendant has made every single payment due under the mortgage for the Subject Property since November 2010. (*Id*. ¶ 19.)

Plaintiff claims that Defendant Du failed to register the deed with the county clerk and therefore was in breach of the 2014 Contract. (Opp'n Br. at 5.) However, the terms of the 2014 Contract required Plaintiff to transfer ownership of the property free of all claims and rights of others. (2014 Contract ¶ 16.) It logically follows that Defendant Du would not be able to register the deed without it being free from any claims of others under the 2014 Contract. Furthermore, Plaintiff fails to cite to anything within the record in making this assertion.

---

[2] L. Civ. R. 56.1 requires that the "opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion[.]" Each statement of material fact shall be a separate document and shall not contain legal argument or conclusions of law. *Id*. Plaintiff here has not submitted any response to Defendant Du's Statement of Undisputed Material Facts. Merely, Plaintiff submits a Statement of Facts section within her opposition brief. (*See* Opp'n Br. at 4–5.) Plaintiff, however, fails to support any of the facts contained therein by reference to any part of the record. Accordingly, the Court finds that each statement of fact contained within Defendant Du's Statement of Undisputed Material Facts is admitted for the purposes of this Motion. *See* L. Civ. R. 56.1.

Plaintiff additionally claims that Defendant made late payments on the mortgage. (Opp'n Br. at 9.) Nothing within the 2014 Contract, however, indicates that Defendant was required to make payments on-time every month. Additionally, nothing within the record demonstrates that the mortgage is in default. Furthermore, Plaintiff fails to cite to anything in the record that demonstrates that damages resulted from Defendant's alleged breach. Accordingly, the Court finds no genuine issue of material fact that Defendant did not breach the 2014 Contract. Judgment will therefore be entered on behalf of Defendant Du as to Counts Five and Six.

### E. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF (COUNT THREE)

In Count Three, Plaintiff seeks the Court to order Defendant Du to vacate the Subject Property so that Plaintiff can re-enter the same. (Am. Compl. at 13.) The Court has already determined, however, that no genuine issue of material fact exists as to whether Defendant Du breached the 2014 Contract. Accordingly, the Court will not issue injunctive relief in favor of Plaintiff.

### F. PLAINTIFF'S CLAIM FOR FRAUD (COUNT EIGHT)

Defendant argues that there is no evidence that he committed any fraud. (Moving Br. at 26.) Defendant asserts that he has complied with the terms of the parties' agreement. (*Id*.) Defendant argues that he never refused to pay the 2014 Contract price, but rather, the transaction failed to consummate based on Plaintiff's inability to deliver a sufficient deed and affidavit of title. (*Id*. at 27.) Defendant maintains that the transaction is unable to be completed because Plaintiff is demanding $200,000 above the 2014 Contract. (*Id*.) Defendant Du additionally argues that Plaintiff's fraud claim is barred by the economic loss doctrine. (*Id*.)

In opposition, Plaintiff argues that her fraud claim should be sustained because Defendant Du never attempted to file the deed at the clerk's office. (Opp'n Br. at 10.)

Defendant Du reiterates in reply that Plaintiff's claim for fraud is barred by the economic loss doctrine. (Reply Br. at 20.)

Generally, a tort action is separate and distinct from a contract action, although the boundary line between tort and contract actions is not capable of clear demarcation. *Travelers Indem. & Co., Inc. v. Dammann & Co., Inc.*, 594 F.3d 238, 245 (3d Cir. 2010) (internal quotation marks and citations omitted). Under New Jersey's economic loss rule, plaintiffs are barred from recovering purely economic losses in tort. This is especially true where a plaintiff claims no personal injury or property damage. *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 318 (2002). "Indeed, it is fundamental that a party's liability for breach should be governed strictly by the application of foreseeable damages stemming from the establishment of the contractual relationship. To hold otherwise would chill business relations through the application of unforeseen damages upon one who may elect to effectively breach an agreement." *International Minerals & Mining Corp. v. Citicorp North America, Inc.*, 736 F. Supp. 587, 597 (D.N.J. 1990). As such, a plaintiff is barred from asserting a tort claim arising from a contractual relationship unless the breaching party owed a duty independent of the duties that arose under the contract. *Saltiel,* 170 N.J. at 318. Without an independent duty imposed by law, "mere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort." *Perkins v. Washington Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (citing *Saltiel*, 170 N.J. at 316–17).

In deciding whether the economic loss doctrine applies, a court must focus on whether the plaintiff's entitlement to economic losses flows directly from obligations set forth in the contract. *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 678 (D.N.J. 2009). "The critical issue in determining whether a tort claim can be asserted alongside a breach

11

of contract claim is whether the allegedly tortious conduct is extraneous to the contract." *Valiant Consultants Inc v. FBA Support LLC*, Civ. No. 21-12047, 2022 WL 2803104, at *5 (D.N.J. July 8, 2022) (interior quotation marks omitted). For instance, the economic loss doctrine does not apply when a party uses misrepresentations to induce another into entering an agreement. *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F.Supp.3d 449, 465 (D.N.J. 2020).

Here, Plaintiff's alleged economic losses flow directly from the obligations set forth in the 2014 Contract. Plaintiff asserts both breach of contract and fraud claims for Defendant Du's alleged failure to record the deed and failure to make timely mortgage payments. (*See generally*, Am. Compl.) Plaintiff's tort claim arises solely out of a contractual relationship between her and Defendant Du. Defendant Du does not owe Plaintiff any duties independent of those set forth in the 2014 Contract. Accordingly, the economic loss doctrine attaches and bars Plaintiff's fraud claim as a matter of law. Judgment will therefore be entered in favor of Defendant Du as to Count Eight.

### G. DEFENDANT'S COUNTER AND CROSS CLAIMS

#### 1. Defendant's Claim for Breach of Contract

Defendant Du's first counterclaim and cross claim seeks specific performance based upon Plaintiff's Breach of Contract against both Plaintiff and Defendant Chen. (Answer ¶¶ 53–61, ECF No. 39.) Defendant argues that Plaintiff breached the 2014 Contract by failing to provide a deed and affidavit of title sufficient to pass the Subject Property's title to Defendant. (Moving Br. at 29.) Defendant contends that specific performance is just and appropriate. (*Id*.)

In opposition, Plaintiff argues that specific performance should not be granted because it would give Defendant Du a windfall. (Opp'n Br. at 11.) Plaintiff contends that Defendant Du has provided no evidence that Plaintiff breached the 2014 Contract. (*Id*.)

In reply, Defendant Du argues that the 2014 Contract and the mortgage principal due and owing clearly evidences that Plaintiff expected little to no profit on the sale of the Subject Property. (Reply Br. at 23.)  Defendant Du contends that it is Plaintiff who will receive a windfall if the Court enforces the parties' 2014 Contract for the $200,000 agreed upon price. (*Id*. at 24.)

As already explained, to establish a prima facie case of breach of contract, a plaintiff must show "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico*, 507 F.3d at 203.

Here, the terms of the 2014 Contract indicate that Plaintiff was required to transfer a properly executed deed and an adequate affidavit of title to Defendant Du. (*See* 2014 Contract § 8.)  The 2014 Contract also required Plaintiff to transfer ownership of the property free of all claims and rights of others. (*Id*. § 16.)  Due to Defendant Chen's interest in the property, however, Plaintiff was unable to deliver a satisfactory deed free of all claims and rights of others to Defendant Du, in direct violation of the 2014 Contract. (Def's SUMF ¶ 15.)  Accordingly, Plaintiff breached the 2014 Contract by failing to deliver a satisfactory deed, and the Court finds that there exists no genuine issue of material fact as to whether Plaintiff violated the 2014 Contract.

As to Defendant Du's request for specific performance, under New Jersey law, a court must consider several factors in determining whether specific performance is an appropriate remedy for breach of contract.  Importantly, the court must determine whether the contract is valid and whether the duties of each party are clear.  *Marioni v. 94 Broadway, Inc*., 374 N.J. Super. 588, 599 (App. Div. 2005).  "[T]he right to specific performance turns not only on whether [movant] has demonstrated a right to legal relief but also whether the performance of the contract represents an equitable result." *Id*.

In any suit seeking specific performance, a grant of equitable relief is available only as a substitute in "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). "There is a virtual presumption, because of the uniqueness of land and the consequent inadequacy of monetary damages, that specific performance is the buyer's appropriate remedy for the vendor's breach of the contract to convey." *Friendship Manor, Inc., v. Greiman*, 244 N.J. Super. 104, 113 (App. Div. 1990).

Here, Defendant Du seeks a decree of specific performance quieting title in his favor. Because such a prayer for relief involves the conveyance of land, the Court finds specific performance is appropriate. Judgment will therefore be entered in favor of Defendant as to his first counterclaim.

      2.     *Defendant Du's Claim for a Breach of the Implied Covenant of Good Faith and Fair Dealing*

Defendant Du's second counterclaim alleges Plaintiff breached the implied covenant of good faith and fair dealing. (Answer ¶¶ 62–66.) Specifically, Defendant Du claims that Plaintiff failed to cooperate with Defendant to deliver a recordable deed to complete the transaction. (*Id*. ¶ 65.)

Defendant argues that Plaintiff has made no efforts to quiet title as to Defendant Chen until she filed her Amended Complaint in November 2020, more than six years after the parties executed the 2014 Contract. (Moving Br. at 36.) In opposition, Plaintiff asserts that she did not breach the implied covenant of good faith and fair dealing. (Opp'n Br. at 11.) Plaintiff contends that there is no way in which she was not acting in good faith. (*Id*. at 12.) Plaintiff claims she had no knowledge about the contract that she was not disclosing to Defendant Du. (*Id*.)

"Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 106 (3d Cir. 2013) (citing *Kalogeras*

14

*v. 239 Broad Ave., LLC*, 202 N.J. 349, 366 (2010)).  A breach of this implied covenant occurs if one of the parties to the contract "acts in bad faith or engages in some other form of inequitable conduct in the performances of a contractual obligation."  *Black Horse Lane Assoc, L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) (citing *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 423–24 (1997)).  Described differently, "good faith" entails adherence to "community standards of decency, fairness[,] or reasonableness" and requires a party to refrain from "destroying or injuring the right of the other party to receive its contractual benefits."  *Iliadis v. Wal–Mart Stores, Inc.*, 191 N.J. 88, 109–10, 922 A.2d 710 (2007) (citations omitted).  "[The moving party] must also prove the [non-moving party's] bad motive or intention."  *Id*.

As a matter of law, however, the Court notes *sua sponte* that a party may not "pursue a claim for a breach of the implied covenant of good faith and fair dealing if the claim is duplicative of the [party's] breach of contract claim.  A claim for breach of the implied covenant is duplicative of a breach of contract claim when allegations of bad faith all relate to actions that form the basis of the breach of contract claim."  *Cedar Holdings, LLC v. Menashe*, Civ. No. 16-7152, 2017 WL 1349321, at *3 (D.N.J. Apr. 7, 2017); *see also Saltiel v. GSI Consultants, Inc.,* 170 N.J. 297, 316 (2002) (no separate, cognizable tort claim exists because "[u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.")  Here, Defendant Du claims Plaintiff breached her duty of good faith and fair dealing by failing to cooperate with Defendant Du to deliver a recordable deed to complete the transaction.  (Answer ¶ 65.)  Similarly, in Defendant Du's counterclaim for breach of contract, Defendant Du alleges that Plaintiff breached the 2014 contract by failing to deliver a fully executed deed.  (*Id*. ¶ 60.)  Defendant's claim for breach of the implied covenant therefore appears to be duplicative of his breach of contract claim.

15

Here, the parties did not raise this issue in their briefing on the summary judgment motions and, while the Third Circuit has recognized a district court's authority to dispose of a claim on summary judgment *sua sponte*, it has also repeatedly cautioned district courts against doing so unless (1) the point at issue is entirely legal; (2) the record is fully developed; and (3) the failure to give notice does not prejudice the party. *See Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 219, 222 (3d Cir. 2004) ("the sua sponte grant of summary judgment, without giving notice to the parties, is not the preferred method by which to dispose of claims"); *Forrest v. Parry*, 930 F.3d 93, 111 (3d. Cir. 2019) ("The principle remains: whether expressly or in effect, a district court may not grant summary judgment without providing the losing party notice, or a notice-equivalent, and an opportunity to oppose.") (citing *Gibson*, 355 F.3d at 223); *Donnell v. Correctional Health Servs., Inc.*, 405 F. App'x 617, 624 (3d Cir. 2010) (reversing district court *sua sponte* summary judgment for failing to meet all three elements required by *Gibson*). Accordingly, in an abundance of caution and out of fairness to the parties, the Court will enter an Order to Show Cause as to why Defendant Du's counterclaim for breach of the implied covenant of good faith and fair dealing (Counterclaim Count II) should not be dismissed with prejudice because it is duplicative of his counterclaim for breach of contract (Counter Count I).[3]

3. *Defendant Du's Counterclaim for Declaratory Judgment*

Defendant Du's third counterclaim seeks declaratory judgment under the terms of the 2014 Contract. (Answer. ¶¶ 67–70.) Defendant seeks the Court to enter declaratory judgment interpreting the 2014 Contract, the parties' rights and interest, the purchase price, and Plaintiff's obligations as expressed pursuant to the 2014 Contract. (Moving Br. at 38.) Plaintiff argues in

---

[3] As a final, practical observation, the Court notes that Defendant Du may already be receiving, via his successful breach of contract claim, the same relief he may hope to obtain via his counterclaim for breach of the implied covenant of good faith and fair dealing. To the extent he believes he is entitled to different, additional relief on the latter claim, he is encouraged to articulate the distinction as part of his response to the Order to Show Cause.

16

opposition that specific performance should not be granted because it would give Defendant Du a windfall. (Opp'n Br. at 11.) Plaintiff claims that property values in Princeton have risen dramatically in the last nine years and Defendant would be receiving a windfall should specific performance be granted. (*Id.*)

The New Jersey Declaratory Judgment Act, codified as N.J.S.A. § 2A:16-50, *et. seq.* is a remedial statute whose purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. "N.J.S.A. § 2A:16-52 authorizes declaratory relief whether or not further relief —that is, damages, specific performance, or any remedy not merely declaratory in character—could be claimed. Accordingly, a declaratory action is an alternative or cumulative, not an extraordinary, remedy." *Utility Blade & Razor Co. v. Donovan*, 33 N.J. Super. 566, 569 (App. Div. 1955).

Here, the Court has found the 2014 Contract valid and enforceable. The Court additionally has also found that Defendant Du was not in breach of the 2014 Contract, and accordingly, will enforce the terms of the 2014 Contract. The Court, however, finds the purchase price of the Subject Property is $210,000.00, as reflected by the terms of the 2014 Contract. (*See* 2014 Contract § 3.) While Defendant Du claims the parties came to an agreement to amend the Subject Property's purchase price to $200,000 (*see* Def's SUMF ¶ 13), the 2014 Contract specifically indicates that it "can only be changed by an agreement in writing signed by both Buyer and Seller." (*See id*. § 28.) Defendant Du has not set forth any additional written agreement to amend the purchase price. Accordingly, the Court finds the 2014 Contract valid and enforceable as written and will declare all rights set forth therein.

17

## IV. CONCLUSION

For the reasons stated above, the Court will GRANT IN PART AND DENY IN PART Defendant Du's Motion for Summary Judgment. It will also enter an Order to Show Cause why Defendant Du's counterclaim for breach of the implied covenant of good faith and fair dealing should not be dismissed with prejudice as duplicative of his counterclaim for breach of contract. An appropriate Order will follow.

Date: **March 24, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
